T.C. Memo. 2013-95

UNITED STATES TAX COURT

VICTOR GOMAR, Petitioner <u>v.</u>
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 19444-11.                    Filed April 8, 2013.

<u>Mark H. Westlake</u>, for petitioner.

<u>Martha J. Weber</u> and <u>Lynette Mayfield</u>, for respondent.

MEMORANDUM OPINION

RUWE, <u>Judge</u>:  Respondent determined a $12,456 deficiency in petitioner's

2009 Federal income tax and a $2,491 accuracy-related penalty under section

**[\*2]** 6662(a).[1] The deficiency was based on respondent's determination that petitioner had additional income of $37,550 that was not reported on his 2009 return plus resulting computational adjustments that are not directly in dispute.

After petitioner received the notice of deficiency, he filed an amended return in which he reported the additional income that was the basis for the notice of deficiency. However, on the amended return, petitioner claimed additional expenses on Schedule C, Profit or Loss From Business, that were not claimed on his original return.

The issues for decision are: (1) whether petitioner is entitled to deduct the additional Schedule C expenses claimed on his amended return; and (2) whether petitioner is liable for the accuracy-related penalty under section 6662(a) for 2009.

---

[1]Unless otherwise indicated, all section references are to the Internal Revenue Code (Code) in effect for the year at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

**[*3]**                                   Background

This case was submitted fully stipulated pursuant to Rule 122, and the stipulated facts are so found.[2] We incorporate by reference the parties' stipulation of facts and accompanying exhibits.

At the time the petition was filed, petitioner resided in Indiana.

Petitioner timely filed a return for 2009 on April 15, 2010, in which he reported on Schedule C total gross receipts of $135,005 from his brick masonry contractor business. This was the only income petitioner reported on his 2009 return. In 2009 petitioner actually had gross receipts of $172,555 from his work as a brick masonry contractor.

On May 27, 2011, petitioner submitted a Form 1040X, Amended U.S. Individual Income Tax Return, for 2009 that was received by the Internal Revenue Service in Austin, Texas. On Schedule C of petitioner's amended return he reported total gross receipts of $172,555 from his brick masonry contractor business.

---

[2]When this case was called petitioner was not present and petitioner's counsel informed the Court that, despite numerous attempts to contact petitioner, he has been unable to communicate with petitioner. Petitioner did not file a posttrial brief.

**[*4]** On his 2009 return petitioner claimed total Schedule C expenses of $110,858. The notice of deficiency did not make any adjustments to the Schedule C expenses petitioner claimed on the 2009 return. On the amended return that petitioner submitted for 2009, petitioner claimed total Schedule C expenses of $148,996. The record is devoid of evidence that petitioner incurred the additional Schedule C expenses claimed on the amended return.

Discussion

Deductions are strictly a matter of legislative grace, and the taxpayer bears the burden of proving that he is entitled to any deduction claimed. Rule 142(a); INDOPCO, Inc. v. Commissioner, 503 U.S. 79, 84 (1992); New Colonial Ice Co. v. Helvering, 292 U.S. 435, 440 (1934). Petitioner offered no evidence to support the additional expenses claimed on Schedule C of the amended return and therefore is not entitled to deduct the additional expenses.

Section 6662(a) and (b)(1) and (2) imposes a 20% accuracy-related penalty on the portion of any underpayment attributable to a substantial understatement of income tax or negligence or disregard of rules or regulations. There is a substantial understatement of income tax for any taxable year if the amount of the understatement for the taxable year exceeds the greater of 10% of the tax required to be shown on the return or $5,000. Sec. 6662(d)(1)(A). The term

**[\*5]** "understatement" means the excess of the amount of the tax required to be shown on the return for the taxable year over the amount of the tax shown on the return, reduced by any rebate. Sec. 6662(d)(2)(A). Since the understatement exceeds 10% of the tax required to be shown on the return and the $5,000 minimum, there is a substantial understatement of income tax under section 6662(d)(1)(A).

For purposes of section 6662, the term "negligence" includes any failure to make a reasonable attempt to comply with the provisions of the Code, and the term "disregard" includes any careless, reckless, or intentional disregard. Sec. 6662(c); see also Neely v. Commissioner, 85 T.C. 934, 947 (1985). Failure to include income is evidence of negligence. Sec. 1.6662-3(b)(1), Income Tax Regs. The record reflects that petitioner failed to report income of $37,550 for 2009. Accordingly, we hold that petitioner is liable for the accuracy-related penalty under section 6662(a).

To reflect the foregoing,

Decision will be entered for respondent.